REILLY, P.J. (concurring).
¶27 The majority holds that a defendant who has filed a pretrial suppression motion "bears the burden of demonstrating a need for an evidentiary hearing in the first place" and that the defendant must show a "reasonable possibility that a hearing is needed to ... establish the necessary factual basis to succeed on the motion." Majority, ¶15. I concur as given the reasoning in State v. Zamzow , 2017 WI 29, ¶31, 374 Wis. 2d 220, 892 N.W.2d 637, I see no alternative; however, I caution that the Constitution is a restriction rather than a tool of the government, and the State should have the burden to show that a warrantless seizure and arrest was reasonable under the Fourth Amendment and should have the burden to show that an evidentiary hearing is not needed. Zamzow fundamentally changed constitutional law in Wisconsin by holding that hearsay evidence satisfies the Due Process Clause at a pretrial hearing and a defendant has no Sixth Amendment right to confront his accusers at a pretrial hearing. Zamzow , 374 Wis. 2d 220, ¶31, 892 N.W.2d 637. Therefore, I must concur that the *771 State's burden is satisfied simply through a legally sufficient criminal complaint.
¶28 Zamzow teaches us that where a criminal complaint is legally sufficient to establish reasonable suspicion or probable cause, the State has met its burden of production and persuasion. As Radder had no pretrial right to confront the officer(s) who stopped and arrested him and the court had the authority to consider solely hearsay evidence (criminal complaint), see id. , ¶¶24, 30-31, I agree that Radder's boilerplate motion presented a purely legal question and the circuit court did not err.
¶29 The majority adheres to the rule set forth in State v. Velez , 224 Wis. 2d 1, 18, 589 N.W.2d 9 (1999) (citation omitted), that "[w]here there is a reasonable possibility that the defendant will establish the factual basis at an evidentiary hearing, the circuit court must 'provide the defendant the opportunity to develop the factual record.' " Majority, ¶13. I caution that this rule is meaningless given Zamzow , which *192 eliminates the right to an evidentiary hearing on a motion to suppress.[1] Under the reasoning in Zamzow , for example, *772 an arresting officer who made an arrest and who wrote a report explaining the circumstances of the arrest may not be constitutionally compelled to swear under oath to the truth of the statements in his police report utilized to prepare the criminal complaint prior to trial. Counsel is no longer able to explore with the officer(s) the circumstances and nuances that are invariably and often times inadvertently left out of any narrative report. The childhood game of "telephone" is a rich example as to what happens when one person whispers something to the next and the next and the next-what was originally whispered by the original declarant is often much different when recorded by the last person-all without any nefarious intent.
¶30 I also disagree with the notion that discovery at the pretrial stage is bad for the justice system. If our aim is to do justice by punishing the guilty and promptly setting the innocent free, then there is no error in allowing for sworn examination to ferret out ambiguities, clarifications, and amplifications of the facts that were set down on paper and averred to be the "truth." Obtaining the true facts early in the criminal proceedings from the witness(es) with firsthand knowledge is never an evil. Truth, whichever side it falls upon, is better than a game of surprise and intrigue at trial.
¶31 We should also err on the side of safeguarding the constitutional rights of those whose liberty is threatened by allowing the accused to confront the *773 State's suppression witnesses as to factual allegations set forth in the complaint or other hearsay evidence offered as there is no greater engine for exposing truth than the ability to cross-examine one's accuser. The "wasting of judicial resources" is, in my opinion, never grounds for the denial of an evidentiary hearing in which witnesses are sworn to tell the truth under the pain of perjury. Constitutional safeguards are for the citizens and are not rights given to make the government's job easier. As I warned in my dissent in State v. Zamzow , 2016 WI App 7, ¶22, 366 Wis. 2d 562, 874 N.W.2d 328 (Reilly, P.J., dissenting), now "evidentiary hearings are no longer necessary to the determination of whether a warrantless search and/or seizure was constitutional. Suppression hearings [have now been] reduced to a paper review in which trial courts read police reports and review evidence ... to determine whether a warrantless search or seizure was nevertheless lawful."
¶32 I concur with the majority that we must be careful and cognizant of the "inherent difficulties a defendant may have in developing the facts necessary to support a *193 pretrial motion," Velez , 224 Wis. 2d at 13, 589 N.W.2d 9, but I disagree with the majority that the guarding of "scarce judicial resources" is a justifiable reason for denying an evidentiary hearing. Majority, ¶¶12, 16, 18. I concur but only for the reason that the State has met their burden of proof in light of Zamzow .

"Reasonable possibility" has not been defined in the context of the standard to establish a factual basis for an evidentiary hearing on a motion to suppress. It sounds a lot like "probable" to me. Our case law has defined the phrase in the context of a claim of ineffective assistance of counsel. Reasonable possibility of a different outcome means "one that raises a reasonable doubt about guilt, a 'probability sufficient to undermine confidence in the outcome' of the proceeding." State v. Dyess , 124 Wis. 2d 525, 544-45, 370 N.W.2d 222 (1985) (citation omitted) (explaining that the "reasonable probability" standard from Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is "substantively the same" as our "reasonable possibility" standard). Where the facts of a case have been developed through a trial and the parties are at the postconviction phase of the criminal proceeding, this standard has teeth and is an arguably workable gauge. Where no facts have been developed or investigated at the pretrial stage, however, the reasonable possibility standard is, in my opinion, unworkable for a defendant, especially where no right to an evidentiary hearing or confrontation exists.